**In re Annie Bell JAMES, Debtor.**

No. 97–14092.

United States Bankruptcy Court, S.D. Alabama.

Feb. 1, 2002.

Donald A. Friedlander, Mobile, AL, for Debtor.

Duncan R. Crow, Mobile, AL, Assistant Attorney General and Assistant Counsel for Alabama Department of Revenue.

John C. McAleer, III, Mobile, AL, Chapter 13 Trustee.

## ORDER SUSTAINING THE OBJECTION TO THE CLAIM OF THE STATE OF ALABAMA INTERNAL REVENUE SERVICE TO THE EXTENT OF REDUCING THE CLAIM BY THE AMOUNT OF LIABILITY ATTRIBUTED TO THE YEARS 1990, 1991 AND 1995, AND ALLOWING THE CLAIM AS FILED FOR TAX YEARS 1992, 1993 AND 1994

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on Debtor's objection to claim number 4 filed by the State of Alabama Department of Revenue. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is sustaining the objection to claim number 4 to the extent of reducing the claim by the amount of liability attributed to the tax years of 1990, 1991 and 1995 but allowing the claim in full as to tax years 1992, 1993 and 1994.

## FACTS

Annie Bell James filed a petition under chapter 13 of the bankruptcy code on November 12, 1997. James' plan was confirmed on December 30, 1997. In her schedules, James listed an unsecured priority debt owed to Alabama Department of Revenue in the amount of $1,700.00. On April 27, 1998 Alabama Department of Revenue filed a claim in the amount of $8,455.69 for Alabama income taxes for the years 1990–1995. On September 27, 2001 James filed an objection to the claim. Alabama now concedes that no tax is due for the years 1990, 1991 and 1995. For the remaining years of 1992, 1993 and 1994, Ms. James filed a joint federal tax return with her husband. Ms. James testified that the income listed on those returns was that of her husband and that she did not earn any income during those years. The State of Alabama asserts that it based its determination of Ms. James' state income tax liability on the best information available.

## LAW

A proof of claim filed in accordance with Bankruptcy Rules constitutes prima facie evidence of the validity and amount of a claim. Fed. R. Bankr.P.

3001(f). The party disputing the claim then has the burden of going forward with evidence of probative force equal to that of the allegations of the claim. *In re Britt*, 199 B.R. 1000, 1008 (Bankr.N.D.Ala.1996). If the objecting party fails to offer sufficient evidence to overcome the evidentiary effect of the properly filed proof of claim, the objection will be denied and the claim will be allowed as filed. *Id.* Only if the objecting party presents evidence of equal probative weight, will the burden shift back to the claimant. *Id.* at 1009.

The State of Alabama filed a proof of claim in this case. There has been no allegation that the proof of claim was not filed in accordance with the Bankruptcy Rules. Therefore the proof of claim is prima facie evidence of the validity and amount of the claim. The debtor asserts that she did not owe state income tax for the years 1992, 1993 and 1994 because the income listed on her joint federal returns for those years was purely income of her husband. Ms. James did not produce any records or other evidence to substantiate her testimony. Ala.Code § 40–2A–7(b)(1)(a) (1975) provides that:

> if no return is filed, or if the department is required to determine value, the department may calculate the correct tax or value based on the most accurate and complete information reasonably obtainable by the department.

Mr. and Mrs. James did not file Alabama income tax returns and the State of Alabama estimated the liabilities based on the information given to it by the Internal Revenue Service. The debtor offered no evidence that the amount of state income tax owed by Mr. and Mrs. James was different than that claimed by the State of Alabama

 Generally, when a husband and wife file jointly they are jointly and severally liable for the income tax. Ala.Code § 40–18–27(e)(1975). However, § 40–18–27(e) also provides that notwithstanding the above rule, "an innocent spouse shall be relieved of certain liabilities to the same extent and in the same manner as granted by the Internal Revenue Code for federal income tax purposes." Therefore the Court must look to the federal income tax statutes to determine if Ms. James is jointly liable for the taxes. 26 U.S.C.A. § 6015 (2001)[1] is an "innocent spouse" provision that provides three avenues for obtaining relief from joint liability on a joint return. The first avenue requires that there have been "an understatement of tax attributable to erroneous items of one individual filing the joint return" and the spouse was unaware and had no reason to know of the understatement. 26 U.S.C.A. § 6015(b). To be eligible for the second avenue, the spouse must now be divorced or legally separated from the individual who filed or she was not living with the individual during at least part of the year prior to the filing. 26 U.S.C.A. § 6015(c). There was no evidence that Ms. James was eligible for relief pursuant to either of the first two avenues. The third avenue is provided by § 6015(f) which states that if:

> (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and

---

1. The effective date for this provision provides that they "shall apply to any liability for tax arising after the date of the enactment of this Act and any liability for tax arising on or before such date but remaining unpaid as of such date." The Act, Title III, Subtitle C, § 3201(g)(1), 112 Stat. 740 (1998). Since the liability still is not fully paid at this time, this Court concludes that this provision is applicable to this case. See *Flores v. United States*, 51 Fed.Cl. 49 (Fed.Cl.2001).

**572**

(2) relief is not available to such individual under subsection (b) or (c),

the Secretary may relieve such individual of such liability.

 The only evidence offered as to the inequity of holding Ms. James liable was Ms. James' statement that the income reported on the federal return was that of her husband. That evidence alone does not allow the Court to conclude that Ms. James was entitled to relief pursuant to the above provision. There was no evidence the liability involves any wrongdoing of Ms. James' husband. There was no evidence that Mr. and Mrs. James are no longer together. In fact, debtor's schedules show that the James were married when Ms. James filed bankruptcy and in Ms. James' objection to the claim of the State of Alabama, Ms. James referred to Mr. James as her spouse. Therefore, the liability of Mr. and Mrs. James follows the general rule that married persons filing jointly are jointly and severally liable. This Court finds that Ms. James has not come forward with sufficient evidence to overcome the prima facie evidence of the proof of claim filed by the State of Alabama. It was Ms. James' burden to do so.

The State of Alabama has conceded that no taxes are owed for the years 1990, 1991 and 1995. Therefore the claim is due to be reduced by the amount attributed to those three years. That amount was not provided to the court.

THEREFORE IT IS ORDERED:

1. The objection to the claim of the State of Alabama, Department of Revenue is SUSTAINED to the extent of reducing the claim by the amount of state income tax liability claimed for the years 1990, 1991 and 1995.

2. A hearing to determine the amount of tax liability attributed to the years 1992, 1993 and 1994 is set for February 27, 2002 at 8:30 a.m. in the United States Bankruptcy Court, 201 St. Louis Street, Mobile, AL 36602.